IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| VANDENBERG & SONS FURNITURE, INC. a Michigan corporation, individually and as the representative of a class of similarly-situated persons,<br><br>                   Plaintiff,<br><br>   v.<br><br>ALLIANCE FUNDING GROUP,<br><br>                   Defendant. | Civil Action No: 1:15-cv-01255<br><br>Hon. Gordon J. Quist |

## FINAL APPROVAL ORDER AND JUDGMENT

The parties' proposed class action settlement having come before the Court for a final fairness hearing on April 27, 2022, at 2:00 p.m., United States District Court for the Western District of Michigan, 110 Michigan Avenue NW, Grand Rapids, MI 49503, at which all persons were given an opportunity to be heard, and the Court having considered the submissions of the parties, including Plaintiff's Motion for Final Approval of Class Action Settlement, the statements of counsel, and the fairness of the settlement's terms;

**IT IS HEREBY ORDERED AND ADJUDGED AS FOLLOWS:**

1. This Court grants final approval of the settlement agreement between the parties previously filed with the Court on December 8, 2021 (the "Settlement Agreement") (Doc. 166-1), and finds that the settlement is in all respects fair, reasonable, and adequate, and in the best interests of the Certified Class and all those affected by it. The Settlement Agreement is hereby incorporated by reference in full into this Final Approval Order and Judgment ("Final Judgment"), and all capitalized terms defined in the Settlement Agreement will have the same meanings as used

in this Final Judgment.  No objections were filed with the Court.  Accordingly, this Final Judgment binds all members of the Certified Class who did not timely and properly opt out of the settlement.

2.  This Court has jurisdiction over Plaintiff, Vandenberg Furniture, Inc. ("Plaintiff"); the members of the Class; Defendant, Alliance Funding Group ("Defendant"); and the claims asserted in this lawsuit.

3.  This Court finds that the parties entered into the Settlement Agreement in good faith, following arm's-length negotiations, including mediation before a neutral third-party, and that the settlement was not collusive.

## Class Certification

4.  On December 21, 2021, pursuant to Federal Rule of Civil Procedure 23, the Court entered an order entitled, "Order Preliminarily Approving Settlement of the Previously Certified Class" (the "Preliminary Approval Order").

5.  On January 22, 2021, the Court certified the following classes (the "Class"):

## Class A

All persons or entities identified in the WestFax opt-out list for Defendant, who were successful sent the same or similar fax as Exhibit A to the Complaint from December 3, 2011 to December 3, 2015.

The Court further appointed Plaintiff as the Class Representative and Brian J. Wanca, Ross M. Good, Ryan M. Kelly and Wallace C. Solberg of Anderson + Wanca as Class Counsel.  In the Settlement Agreement, the Parties settled the certified class claims.  Excluded from the Class are: (a) Defendant and its present and former officers, directors, shareholders, employees and their successors, assigns and legal representatives; (b) the Court and its officers, and (c) any persons or entities who timely and validly exclude themselves from the Class.

**Class Notice**

6. Plaintiff submitted the affidavit of Dorothy Sue Merryman to demonstrate that the "Notice of Class Action Settlement (the "Notice") was sent to the members of the Class as ordered in the Preliminary Approval Order. The Court finds that the Notice and the process by which it was sent fully complied with the requirements of Federal Rule of Civil Procedure 23 and due process under the United States Constitution, constituted the best notice practicable under the circumstances, and was due and sufficient notice to all persons entitled to notice of the settlement of this lawsuit.

**Objections and Opt-Outs**

7. No objections to the settlement were filed.

8. The following entity has properly requested exclusion from the settlement and is hereby excluded from the Class: Tuscaloosa Scale Company, 4050 Industrial Drive, Cottondale, AL 35453.

**Class Compensation**

9. Defendant has created a settlement fund of $1,650,000.00 (the "Settlement Fund") and made it available to pay Class members; to pay an incentive award to Plaintiff for serving as the Class Representative; and to pay Class Counsel's attorneys' fees and reasonable out-of-pocket expenses, including class administrative fees. None of the monies in the Settlement Fund will revert back to Defendant. Defendant shall pay the Settlement Funds to the Settlement Administrator within five (5) business days of the entry of this order.

As the Parties agreed in the Settlement Agreement, each member of the Class who does not opt out will be paid a pro-rata share of the Settlement Fund after the deductions set forth in Paragraph 9.  The Class Administrator will cause those checks to be mailed after receiving the funds from Defendant.  As agreed between the Parties, any Class member that does not cash the settlement check issued to it within 60 days after the date on the check surrenders all right to payment under the Settlement Agreement and agrees that the amount of the settlement check is to be donated equally to National Consumer Law Center and Electronic Frontier Foundation.

### Incentive Award and Fees and Costs

10. Pursuant to the Settlement Agreement, the Court approves and awards a $15,000.00 Incentive Award to Plaintiff for serving as the class representative in this matter.  In accordance with the Settlement Agreement, the Class Administrator will pay that amount from the Settlement Fund on the Agreement's Effective Date.

11. Pursuant to the Settlement Agreement, the Court approves and awards attorney's fees to Class Counsel in the amount of $550,000.00 (33 1/3% of the Settlement Fund), plus reasonable out-of-pocket expenses, including notice and administrative fees, in the amount of $78,212.35.  The Class Administrator will pay said amounts from the Settlement Fund on the Agreement's Effective Date.

### Releases, Injunction, and Dismissal

12. All claims or causes of action of any kind by Plaintiff and all Class members are forever barred and released pursuant to the terms of the releases set forth in the Parties' Settlement Agreement.  This release does not apply to actions brought by the government.

13. This lawsuit against Defendant is dismissed with prejudice as to Plaintiff and all members of the Class and without fees or costs except as provided above.

**Other Provisions**

14. The Court adopts and incorporates all of the terms of the Settlement Agreement by reference herein and the Parties are directed to effectuate the settlement in accordance with the Settlement Agreement.

15. The Court finds that there is no just reason to delay the enforcement of or appeal from this Final Approval Order and Judgment.

Date: April 27, 2022                    /s/Gordon J. Quist
                                                                              Honorable Gordon J. Quist
                                                                              United States District Judge